J-S07035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
             Appellee :
:
       v. :
:
ERNEST REGINALD MORRIS :
:
            Appellant : No. 1992 EDA 2022

Appeal from the PCRA Order Entered July 19, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005182-2005

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED APRIL 24, 2023**

Appellant, Ernest Reginald Morris, appeals *pro se* from the order entered

in the Montgomery County Court of Common Pleas, which denied his serial

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42

Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant facts and procedural history of

this case as follows:

> A jury found [Appellant] guilty of conspiracy, murder of the
> first degree, murder of an unborn child, two counts of
> murder of the second degree, kidnapping and related
> offenses stemming from the January 31, 2005, shooting
> deaths of Shawne Mims, Jennifer Pennington and
> Pennington's unborn child. He received three consecutive
> terms of life imprisonment without the possibility of parole,
> plus a consecutive term of incarceration of 43 to 90 years.
> The Superior Court affirmed his judgment of sentence on
> direct appeal [on November 1, 2010] and our Supreme
> Court denied allowance of appeal on December 29, 2011.

[Appellant] filed a PCRA petition in July 2012, which this court dismissed without an evidentiary hearing on August 20, 2013. The Superior Court affirmed the dismissal[ on October 10, 2014, and our Supreme Court denied allowance of appeal on February 4, 2015]. *Commonwealth v. Morris*, 108 A.3d 110 (Pa.Super. [2014), *appeal denied*, 631 Pa. 712, 109 A.3d 679 (2015)]. [Appellant] filed a *pro se* PCRA petition in June 2018, which this court dismissed as untimely on February 13, 2019.

[Appellant] filed the instant serial *pro se* PCRA on December 14, 2021. He conceded the facial untimeliness of the petition, but alleged he met the governmental interference and newly discovered fact exceptions to the PCRA's limitations period codified at 42 Pa.C.S. § 9545(b)(1)(i, ii). In particular, he claimed to have learned for the first time on August 21, 2020, from fellow inmate Thomas Drew that a trial witness against [Appellant], Wayne Caldwell, allegedly had a history of informing for, and receiving favorable treatment from, the government. [Appellant] claimed he then pursued and eventually received records on November 8, 2021, related to an open guilty plea involving Caldwell and his sentencing on January 14, 2010.

The court gave [Appellant] notice on March [2], 2022, of its intention to dismiss the serial petition without a hearing due to untimeliness. [Appellant] subsequently received an extension of 45 days in which to respond to the notice. Rather than respond to the substance of the notice, however, and without court permission, [Appellant] filed a supplemental petition on March 23, 2022.[1] He reasserted the claims related to Caldwell and added similar claims related to trial witness Laverne Brewer. Again without court approval, [Appellant] filed a second supplemental petition on May 12, 2022, reiterating the claims related to Caldwell and Brewer and claiming governmental interference and new facts related to trial witnesses Kristen Holmes and Kathleen Somers-Wells.

[1] [Appellant] also filed a separate petition seeking the recusal of the undersigned, which was denied on April 14, 2022.

This court dismissed the serial petition by Order dated July

19, 2022, for the reasons stated in the notice of intent to dismiss.[2] [Appellant] appealed and subsequently produced a court-ordered Pa.R.[A].P. 1925(b) concise statement of errors.

> [2] In dismissing the petition, the court considered [Appellant's] supplemental petition and second supplemental petition, which were filed without leave of court, only to the extent that they failed to respond to the substance of the notice of intent to dismiss.

(PCRA Court Opinion, filed September 27, 2022, at 1-3).

Appellant raises the following issues for our review:

> Did [Appellant] satisfy the governmental interference and new facts exceptions to excuse a late PCRA petition, where [Appellant] uncovered exculpatory evidence that was never provided by the Commonwealth in violation of **Brady**[1]?
>
> Did the Commonwealth violate [Appellant's] due process rights and violate the mandate of **Brady** by: a) failing to disclose cooperation agreements with witnesses Wayne Caldwell, Laverne Brewer, and Kristin Holmes; b) failing to disclose Caldwell's exceptionally long history and practice of informant work in exchange for leniency in his own cases; c) suppressing evidence of Caldwell's extensive criminal history; d) not informing [Appellant] that Brewer and witness Kathleen Wells were ordered to have regular contact with a member of the prosecution team for a period of three years leading up to [Appellant's] trial; e) never disclosing Holmes' psychiatric reports where she suffered from severe mental illness?
>
> Did the PCRA court err by failing to conduct an evidentiary hearing?
>
> Did the PCRA court err by refusing to rule on [Appellant's] Motion for Discovery, in light of "exceptional circumstances?"

---

[1] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

> Did the PCRA court err by denying [Appellant's] Motion to Recuse Judge Steven T. O'Neill?

(Appellant's Brief at 4).

In his first issue, Appellant argues that he filed the current PCRA petition within one year of obtaining the transcript of Caldwell's guilty plea and sentencing hearing that disclosed an agreement in place for Caldwell's cooperation, and that initiated Appellant's investigation into Caldwell's work as an informant. Appellant asserts that the Commonwealth failed to disclose that Caldwell received lenient treatment in his own case in exchange for his testimony against Appellant. Appellant claims Caldwell also had a history of being a state and federal government informant that remained undisclosed to Appellant and hidden by the Commonwealth for over a decade. Appellant maintains that Caldwell's past cooperation included informant work for the FBI in up to 60 investigations, and he repeatedly received consideration for that cooperation in his own criminal cases. Appellant insists this information would have been vital to the defense because Caldwell was a key Commonwealth witness, and his testimony was the only evidence establishing Appellant's motive.

Prior to speaking with Thomas Drew in August 2020, Appellant contends he had no facts or proof to support his mere belief that Caldwell was cooperating with the government. Appellant posits that his mere belief could not have formed the basis for an earlier PCRA petition. Appellant submits that he did not have any information to establish a factual basis that an agreement

existed between Caldwell and the Commonwealth until Appellant acquired Caldwell's transcripts on November 8, 2021. Appellant emphasizes that the transcripts were the material evidence which formed the basis for Appellant's claims.

Appellant further argues that he believed he attached a "request to amend" to his supplemental PCRA petitions. Appellant asserts that he ultimately discovered he did not file the request to amend. Nevertheless, Appellant claims the court should have permitted Appellant to correct the defect in the supplemental petitions by allowing Appellant to seek leave to amend. Appellant emphasizes that when he learned he had not attached the request for leave to amend to the supplemental petitions, he sought leave to amend, but the court failed to rule on that request.

Appellant claims that his current PCRA petition satisfies the governmental interference exception to the PCRA time-bar because the Commonwealth interfered with Appellant's ability to raise the claim sooner because prosecutors suppressed exculpatory evidence demonstrating that Caldwell was engaged in the practice of informing on others to Caldwell's own benefit. Appellant insists the Commonwealth further failed to disclose Caldwell's *crimen falsi* convictions and his extensive criminal history. Appellant avers the Commonwealth failed to provide the following **Brady** material: (1) Caldwell was a career criminal with *crimen falsi* convictions; (2) had an extensive history of informing on others, assisting in as many as 60

FBI investigations; (3) had reached an actual agreement with the Commonwealth where he was given a specific promise of leniency in exchange for testifying against Appellant; and (4) had been encouraged and permitted by the Commonwealth to give false testimony.

Appellant maintains that he could not have discovered Caldwell's transcripts earlier with the exercise of due diligence. Appellant notes that there is no longer a public record presumption, such that the court could have presumed that Appellant could have gained access to transcripts contained in Caldwell's federal criminal case file. Appellant insists that he was entitled to rely upon the Commonwealth's assertion that all exculpatory materials had been turned over; Appellant had no reason to believe that the Commonwealth violated **Brady** until he reviewed Caldwell's transcripts. Based on these claims, Appellant suggests his PCRA petition also satisfies the "newly-discovered facts" exception to the PCRA time-bar. Appellant concludes the PCRA court erred by dismissing his petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Ballance**, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. §

9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

"Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 227, 941 A.2d 1263, 1268 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

To meet the "newly-discovered facts" timeliness exception set forth in

Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. ***Id.***

Instantly, Appellant concedes that his current PCRA petition is facially untimely. In addressing whether Appellant satisfied a timeliness exception, the PCRA court reasoned:

> Here, the petition filed on December 14, 2021, did not plead a basis for this court to determine that he could not have raised his claims related to Caldwell sooner. Indeed, while [Appellant] asserted that he did not know about Caldwell's alleged history of testifying for the Commonwealth in exchange for leniency until speaking with fellow inmate Thomas Drew in August 2020, the affidavit from Drew that [Appellant] attached to his petition belies that assertion. Notably, Drew states in the affidavit that [Appellant] told him on August 21, 2020, that [Appellant] already suspected Caldwell had been given favorable treatment for his testimony against [Appellant]. ***See*** Petition for Post-Conviction Relief, filed 12/14/21, Exh. "A." [Appellant] did not plead, however, an explanation for why he did not act on this prior suspicion with more diligence and in a more timely manner. He, therefore, failed to demonstrate through his own pleadings that he could not have discovered sooner the purported new facts and governmental interference allegedly related to Caldwell.
>
> In addition, when advised in the notice of intent to dismiss that he did not meet the asserted exceptions to the PCRA's limitations period, [Appellant] did not [seek] to address the defect; instead he filed a series of supplemental petitions without court permission, raising additional claims of governmental interference and new facts in connection with Brewer, Holmes and Somers-Wells. The failure to receive court permission before supplementing his petition is fatal

to those additional claims. ***See Commonwealth v. Porter***, [613 Pa. 510, 523-24,] 35 A.3d 4, 12 ([2012]) (stating that amendment of a PCRA is permitted only by direction or leave of the court).[4]  This court, therefore, properly determined that it lacked jurisdiction to consider [Appellant's] untimely claims.

> [4] Even had [Appellant's] claims related to Brewer, Holmes and Somers-Wells been properly asserted, they fail for the same reasons as his claims related to Caldwell.  Indeed, while [Appellant] alleged that he only learned of the claims related to Caldwell in August 2020, he did not plead an explanation as to why he could not have learned sooner of the claims related to Brewer, Holmes and Somers-Wells.

(PCRA Court Opinion at 5-6).  The record supports the court's decision that Appellant cannot satisfy a time-bar exception.

At the outset, Appellant's proffered time-bar claim is more properly construed as one under the "newly-discovered facts" exception.  Although Appellant also cites the "governmental interference" exception, Appellant does not explain how government officials interfered with his ability to present his claim sooner by somehow prohibiting Appellant from accessing Caldwell's transcripts.  Rather, Appellant seeks to argue that the transcripts from Caldwell's guilty plea and sentencing proceedings constitute "new facts" because they allegedly show that Caldwell received a lenient sentence in exchange for his testimony against Appellant, that Caldwell had a significant previous criminal history and history as an informant, and these facts were not disclosed to Appellant at the time of his trial constituting a violation of ***Brady***.

Nevertheless, our review of the guilty plea and sentencing transcripts from Caldwell's proceedings makes clear that no deal was in place regarding Caldwell's testimony against Appellant. To be sure, Caldwell's guilty plea hearing transcript confirms that Caldwell entered an open guilty plea on August 21, 2009, to access device fraud and related offenses, and there was no agreement or promises made in exchange for Caldwell's guilty plea. The judge expressly stated that what the court would sentence Caldwell to had "absolutely nothing to do with [Caldwell] being a witness in [Appellant's] case and what [the court] would give [as a sentence] in [Caldwell's] case." (N.T. Caldwell's Plea Hearing, 8/21/09, at 17, attached to Appellant's PCRA Petition, filed 12/14/21). The court went on to say that "even though I happen to be presiding on [Appellant's] case, I have nothing—I never knew anything about this, this case just happens to be—so no expectation between you and I[.]" (*Id.*) Following Caldwell's guilty plea, the court deferred sentencing pending a pre-sentence investigation report.

Following the plea, Caldwell testified against Appellant on September 17, 2009. Caldwell proceeded to sentencing on January 14, 2010, in his own case. At that time, Caldwell's counsel sought leniency based on Caldwell's testimony against Appellant. Specifically, Caldwell's counsel noted that Caldwell was in fear for his life that Appellant or others would seek to exact revenge on Caldwell. The Commonwealth then confirmed that when Caldwell pled guilty there were no deals in place and the court would be fashioning

- 10 -

Caldwell's sentence. (*See* N.T. Caldwell's Sentencing Hearing, 1/14/10, at 29, attached to Appellant's PCRA Petition, filed 12/14/21). Nevertheless, the Commonwealth acknowledged that Caldwell put his safety at risk by testifying against Appellant, so the Commonwealth declined to seek a specific sentence. (*See id.* at 31). In fashioning Caldwell's sentence, the court noted the dangers of being a "snitch" and the actual violence that might befall Caldwell based on his testimony against Appellant. The court said it would impose a mitigated sentence, by a few months, so that the court could keep Caldwell in county jail instead of a state correctional institution for Caldwell's own safety. Thus, the court imposed concurrent terms of 11½ to 23 months' imprisonment for Caldwell's convictions plus a lengthy probationary tail. The court warned Caldwell that if he violated his probation, the court would not afford Caldwell the same leniency again. (*Id.* at 37).

On this record, we cannot agree with Appellant that he has uncovered any "new fact" based on Caldwell's "deal" with the Commonwealth in exchange for Caldwell's testimony, to satisfy the first prong of the time-bar exception. To the contrary, the transcripts from Caldwell's guilty plea and sentencing proceedings are consistent with Caldwell's testimony at Appellant's trial that he merely hoped for leniency in his own case. In this respect, the transcripts are merely a new source for previously known information (that Caldwell hoped for leniency in his own sentence) and offer no "new facts." *See Brown, supra* (explaining that focus on exception set forth under Section

9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing source for previously known facts). Appellant's interpretation of the transcripts as demonstrating a deal in place between Caldwell and the Commonwealth in exchange for Caldwell's testimony is simply a misreading of the transcripts or plucking sentences from those transcripts without proper context.

Regarding Appellant's remaining claims pertaining to Caldwell's prior criminal record and history of being an informant, we agree with the PCRA court that Appellant has failed to show that he could not have uncovered the transcripts in Caldwell's case sooner by the exercise of due diligence. On this point, Appellant makes much of our Supreme Court's decision in **Commonwealth v. Small**, 662 Pa. 309, 238 A.3d 1267 (2020). In **Small**, our Supreme Court made clear there is no longer a "public record presumption" pursuant to which a court may find that information available to the public is not a fact that was previously "unknown" to the petitioner. Nevertheless, the Court clarified, "that [Appellant] is relieved of the public record presumption does not mean that [Appellant] prevails.… The textual requirements of the time-bar exception remain." **Id.** at 340, 238 A.3d at 1286. Therefore, "although **Small** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." **Commonwealth v. Keener**, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30,

- 12 -

2022) (unpublished memorandum).[2]

Here, Thomas Drew's affidavit attached to Appellant's current PCRA petition states that Appellant had suspicions about Caldwell's cooperation with the government. Appellant provides no explanation for why he could not have accessed Caldwell's criminal docket and transcripts in the decade between Appellant's trial and the filing of his current PCRA petition in an effort to confirm or dispel his suspicions. *See id.* Had Appellant exercised due diligence in accessing the criminal docket and transcripts for Caldwell's case sooner, he would have obtained the information on which his current claims are predicated.

Regarding the other Commonwealth witnesses Brewer, Holmes, and Somers-Wells, Appellant raised claims concerning those witnesses for the first time in supplemental PCRA petitions filed without leave of court. The PCRA court accurately observed that an "amendment [to a PCRA petition] is permitted only by direction or leave of the PCRA court." *Porter, supra* at 523-24, 35 A.3d at 12. Nevertheless, the record shows that Appellant filed a motion on May 5, 2022, seeking an extension of time to supplement his PCRA petition. Appellant filed another motion on July 8, 2022, seeking leave to supplement or amend his PCRA petition. The PCRA court did not rule on these motions. Because "[a]mendment[s to a PCRA petition] shall be freely allowed

---

[2] *See* Pa.R.A.P. 126(b) (stating we may rely on non-precedential decisions from this Court filed after May 1, 2019, for persuasive value).

- 13 -

to achieve substantial justice," (*see* Pa.R.Crim.P. 905(A)), we will not disregard Appellant's supplemental petitions.

Significantly, however, Appellant provides no analysis on appeal of a time-bar exception concerning the information related to Brewer, Holmes, and Somers-Wells. (*See* Appellant's Brief at 12-18). Instead, Appellant dedicates his argument concerning the proffered time-bar exceptions to the information involving Caldwell. Appellant merely indicates that his investigation into Caldwell "motivated him to learn more about the circumstances surrounding the testimony of" Brewer, Somers-Wells and Holmes. (*See* Appellant's Reply Brief at 4). This statement is insufficient to constitute a developed argument concerning a time-bar exception for the claims related to Brewer, Somers-Wells and Holmes. Therefore, Appellant has not satisfied a time-bar exception and Appellant's current PCRA petition remains untimely.[3]

In his fifth issue, Appellant argues that the PCRA judge was the same jurist who sentenced Caldwell. Appellant claims the PCRA court "inadvertently

---

[3] Based on our disposition that Appellant's current petition is untimely and the PCRA court lacked jurisdiction to adjudicate the merits of the underlying **Brady** claims, we need not address Appellant's second issue on appeal. Likewise, we need not address Appellant's third or fourth issues, seeking discovery and an evidentiary hearing. **See** Pa.R.Crim.P. 902(E) (stating discovery is not permitted during PCRA proceedings in non-capital cases, absent showing of exceptional circumstances. **See also Commonwealth v. Maddrey**, 205 A.3d 323 (Pa.Super. 2019), *appeal denied*, 655 Pa. 398, 218 A.3d 380 (2019) (stating PCRA court is not required to hold evidentiary hearing where court is able to determine from record that relief is unavailable).

became a witness of the Commonwealth's concealment of exculpatory evidence that was never disclosed to [Appellant]." (Appellant's Brief at 34). Further, Appellant insists the PCRA court has shown hostility toward Appellant at various times over the life of his case, including in pre-trial hearings.[4] Appellant concludes the court erred by denying his recusal motion, and this Court must vacate the order denying PCRA relief, and remand for an evidentiary hearing before a new jurist. We disagree.

With respect to Appellant's recusal motion, our scope and standard of review are as follows:

> The standards for recusal are well established. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially.
>
> > In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges

---

[4] Appellant did not make this particular claim in his recusal motion filed March 23, 2022. As Appellant raises this claim for the first time on appeal, it is waived and we will give it no further attention. **See** Pa.R.A.P. 302(a) (stating issues raised for first time on appeal are waived).

are honorable, fair and competent.

*Commonwealth v. Dip*, 221 A.3d 201, 206 (Pa.Super. 2019), *appeal denied*,

658 Pa. 542, 229 A.3d 567 (2020) (internal citations omitted).

Further, a recusal request must be timely made. *Commonwealth v.*

*Blount*, 207 A.3d 925, 930 (Pa.Super. 2019), *appeal denied*, 655 Pa. 583,

218 A.3d 1198 (2019). "[A] party must seek recusal of a jurist at the earliest

possible moment, *i.e.*, when the party knows of the facts that form the basis

for a motion to recuse. If the party fails to present a motion to recuse at that

time, then the party's recusal issue is time-barred and waived." *Id.* at 930-

31.

Instantly, the court addressed Appellant's claim for recusal as follows:

> [Appellant] claimed in a motion to recuse…that the undersigned had a duty to recuse himself because he presided over an open guilty plea and sentencing involving Caldwell in 2010. As an initial matter, the motion is untimely. [Appellant] alleged in his petition, filed on December 14, 2021, that Caldwell had received leniency in exchange for his testimony against [Appellant], but he did not move for the undersigned's recusal until March 23, 2022, **after** issuance of the notice of intent to dismiss on March 2, 2022. The motion, therefore, raises the…troubling concern…where a defendant moves for recusal after receiving an adverse ruling.
>
> Additionally, the undersigned made a conscientious determination that recusal was not warranted because the undersigned was able to adjudicate the petition in an impartial manner and the undersigned's continued involvement would create neither an appearance of impropriety nor tend to undermine public confidence in the judiciary. [Appellant], therefore, is not entitled to relief on this final claim.

- 16 -

(PCRA Court Opinion at 9) (emphasis in original).

Initially, Appellant's recusal issue is arguably moot, as he seems to claim the PCRA judge should recuse himself **if** further proceedings continue upon remand. (**See** Appellant's Brief at 33). As we are not remanding for an evidentiary hearing, there are no further proceedings that will occur. To the extent Appellant argues that the court should not have ruled on Appellant's PCRA petition because it had previously presided over matters involving Caldwell, we observe that Appellant attached the guilty plea and sentencing transcripts involving Caldwell to his current PCRA petition. Those transcripts make clear that the PCRA judge involved in Appellant's case (who also presided over Appellant's jury trial) presided over Caldwell's proceedings. Thus, Appellant could have moved for recusal at that time. Instead, Appellant did not seek recusal until after the court issued Rule 907 notice. Under these circumstances, we agree with the PCRA court that the recusal motion was untimely. *See Blount, supra*.

Moreover, as discussed above, the transcripts from Caldwell's proceedings belie Appellant's contention that the Commonwealth made Caldwell any deal in exchange for his testimony against Appellant. Thus, even if Appellant's recusal motion was timely, we would see no abuse of discretion in the court's denial of the motion, as there was no appearance of impropriety

in this case.[5]  ***See Dip, supra***.  Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2023

_____

[5] Appellant has filed two applications for relief in this Court, alleging that during the pendency of this appeal he has uncovered additional evidence of ***Brady*** violations.  Appellant asked us to remand to the PCRA court so that he can further pursue these claims.  Based on our disposition, we deny Appellant's requests for remand.  Appellant is free to raise his new claims in a serial PCRA petition, where he must first plead and prove the court's jurisdiction to consider same.